IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **DEVAUGHN BRYANT,** § | | |
| aka Solomon Bryant-Bey, § | | |
| (TDCJ No. 01740858), § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. 4:20-cv-078-O | |
| § | | |
| **FORT WORTH** § | | |
| **POLICE DEPARTMENT, et al.,** § | | |
| § | | |
| Defendants. § | | |

**OPINION AND ORDER OF DISMISSAL**
**UNDER 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B)**

This case is before the Court for review of pro-se inmate/Plaintiff Devaughn Bryant's ("Bryant") claims to determine if they are frivolous, malicious, or fail to state a claim upon which relief may be granted under the screening provisions of 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B). Having reviewed and screened the claims in the complaint, the Court concludes that Bryant's claims in this case must be dismissed under authority of these provisions.

**I.   BACKGROUND**

Bryant filed a civil-rights complaint form naming as defendants the Fort Worth Police Department, Fort Worth Police Officer R. Cannon, and Fort Worth Police Officer J. Argueta. Compl. 1, 3, ECF No. 1. As to each defendant, Bryant writes that they "deprived and denationalized me of my Moorish American Nationality." *Id*. at 3. In his statement of claim section of the form complaint, Bryant provides:

> On May 23, 2010, Officers R. Cannon [#3828] and J. Argueta [#3695] for the Fort Worth P.D. did deprive[] and denationalize me of my Moorish American

1

> Nationality and birth rights of my true identify by making an unlawful arrest and held me hostage to answer for an otherwise infamous crime under the Fictitious, wardship name DEVAUGHN BRYANT a "black" male, age: 20 and "Non-Hispanic" for ethnicity as the arrest charging instruments describe. These instruments has never properly identified me, a Moorish American National nor does it show by what "Delegation of Authority" was I Solomon Bryant-Bey arrested. I am not a negro, Black, colored, African-American etc. . . . [sic].

*Id.* at 4. For relief in this proceeding, Bryant seeks "$10 million in compensatory and punitive money damages." *Id.*

## II.    LEGAL STANDARD OF REVIEW UNDER §§ 1915A and 1915(e)(2)(B)

Bryant is an inmate who was permitted to proceed in forma pauperis. As a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires a district court to review a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. *See* 28 U.S.C.A. § 1915A(a). Because Bryant is proceeding in-forma-pauperis, his complaint is also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915A and § 1915(e)(2) provide for *sua sponte* dismissal of the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.A. §§ 1915A(b) and 1915(e)(2)(B).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id*. at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must

2

allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient to state a claim upon which relief may be granted. *Id.*

### III.   ANALYSIS - **Claims Based on Moorish American Nationality Subject to Dismissal**

Plaintiff Bryant seeks monetary damages under a theory that he was not subject to prosecution in Texas state courts because that prosecution deprived him of his "Moorish American Nationality and birth rights of my true identity . . . ." Compl. 4, ECF No. 1. Another court in this circuit recently noted that the "Moorish American" claims are based on theories that are "not credible," and cited numerous cases in support as follows:

> *See Bey v. State of Indiana*, 847 F.3d 559, 560-61 (7th Cir. 2017) (distinguishing tenets of the Moorish Science Temple of America from discredited theories asserted by so-called Moors associated with the sovereign-citizen movement); *El Ameen Bey v. Stumpf*, 825 F. Supp. 2d 537, 539-51 (D.N.J. 2011) (declining to grant leave to proceed *in forma pauperis* in a case brought by adherents to a "Moorish Movement" related to sovereign citizenship); *Barthelemy-Bey v. Louisiana*, No. 19-cv-12671, 2019 WL 5430594, at *2 (E.D. La. Oct. 1, 2019) (describing the civil action brought by a Moorish prisoner as "frivolous because the claims are based on a 'sovereign citizen' theory, which is an indisputably meritless legal theory") (citations omitted); *Mason v. Anderson*, No. 4:15-cv-2952, 2016 WL 4398680, at *2 (S.D. Tex. Aug. 8, 2016) (noting that "courts routinely dismiss sovereign citizen claims") (citing *Wirsche v. Bank of Am., N.A.*, No. 7:13-cv-528, 2013 WL 6564657, at *2 (S.D. Tex. Dec. 13, 2013) (Alvarez, J.) ("These teachings have never worked in a court of law - not a single time.") (citations omitted)); *Gooden-El v. Texas*, No. 20-cv-159, 2020 WL 1847157, at *1-2 (W.D. Tex. April. 13, 2020) (recommending dismissal of a complaint filed by another inmate from the Estelle Unit, seeking release of all "Moorish American Nationals" being held in unlawful captivity as hostages or political prisoners, as "frivolous").

*King v. Trump*, CA No. H-20-1600, 2020 WL 3542778, *2 (S.D. Tex. June 30, 2020). As a result, the court in *King* dismissed the plaintiff's Moorish American based claims as both factually and legally frivolous. *Id.* at *3 (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (stating that a

complaint may be dismissed as factually frivolous if it fits within the "category encompassing allegations that are 'fanciful,' ... 'fantastic,' ... and 'delusional'") (quoting *Neitzke*, 490 U.S. at 325, 328.

Likewise, in this case, the Court finds that Bryant's claim that he is not subject to prosecution as a Moorish American is frivolous, for the same reasons set forth in the above-cited cases. *See generally Vassar-E v. Louisiana*, CA No. 20-090, 2020 WL 2520718, at * 3 (E.D. La. May 18, 2020) ("[i]t appears that Plaintiff is like many other 'Moorish American' who attempt to escape the laws of this country.") (citing *El v. Louisiana*, CA No. 16-2125, 2017 WL 1969552, at *3 (E.D. La. May 12, 2017) (citations omitted)).

Furthermore, similar to the court's review of the pleadings in *Vassar-E*, given the frivolous nature of Bryant's complaint upon review by this Court, he will not be permitted leave to file an amended complaint. *Id.* at *3. In this regard, because any amended complaint would still be based on a frivolous "sovereign citizen" theory, this deficiency cannot be cured through an amendment to the complaint. *See El v. Louisiana*, 2017 WL 1969552, at * 3 (citing *Bey v. Sutton*, No. 413-205, 2013 WL 5816427, at *1 (S.D. Ga. Oct. 29, 2013) (finding a "Moorish American's" complaint so frivolous that a "re-pleading option" was not warranted)). Accordingly, the Court finds that Bryant is not entitled to an opportunity to amend in this instance.

## IV.   CONCLUSION and ORDER

It is therefore **ORDERED** that all of Plaintiff Devaughn Bryant's claims in this suit are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(1) and, alternatively, under 28 U.S.C. § 1915(e)(2)(B)(i).

**SO ORDERED** this **2nd day** of **March, 2021.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

4